## Case No. 1,136.

### BAYERQUE v. JACKSON WATER CO.

[1 McAll. 85.][1]

Circuit Court, D. California. July Term, 1856.

EQUITY — PRACTICE — DECREE BY STIPULATION OF PARTIES—PROCEEDING TO SET ASIDE.

1. When orders and a final decree have been taken in a case pending in a court of equity, in vacation, [in accordance with a stipulation of the parties, but] without the sanction or knowledge of the chancellor, the proceeding, including the decree, will not be set aside on summary motion.

2. When all the proceedings taken were in strict conformity with a written stipulation entered into by the parties, and filed in court, and there was no mistake or fraud, and moneys have been paid and received by the respective parties on the faith of the decree, and the property has changed hands, the proceedings are at least only voidable, not void.

3. If injury has accrued to a party, he must file his bill and bring the whole case on its merits before the court, so that a decree may be rendered on terms doing justice to both parties.

[In equity. Bill of foreclosure by Bayerque against the Jackson Water Company.] A motion was made in the case to set aside, or

[1] [Reported by Cutler McAllister. Esq.]

so amend a decree as to render it unavailable to the complainant. [Denied.]

The circumstances disclosed by the record are as follows:—On the 26th February, 1856, process was served upon defendant. On the 3d March ensuing, an order upon motion was made, appointing a receiver, who gave bond and security. On first day of April ensuing, the bill was amended by adding new parties. On 23d day of April, 1856, a stipulation was entered into between the parties, in writing, and filed in the cause on the same day. Among other things it was agreed, that in addition to the sum of money to recover which this bill of foreclosure was pending, there should be added at the reference, which it was stipulated should take place, any and all sums of money paid or advanced by complainant at the sale of the works of the said Jackson Water Company, by virtue of a certain judgment against the said company, obtained in Amador county in this state; that the said sums of money should bear the same rates of interest, and be entered into the final judgment in this cause on the same terms, as the amount due on the mortgage to foreclose which this bill was instituted, the interest to accrue from the date of the advances; and the certificate of sale by said sheriff should be conclusive as to the amount advanced by complainant on said sale, and said amount should be entered by the master in his report. Such stipulation further provided, that complainant might enter in the final decree afterwards to be filed, in addition to all foregoing sums of money, the sum of one hundred and seventeen thousand five hundred and nine dollars, twenty-four cents; and that said master was authorized to insert in said decree said last mentioned sum of money, upon said terms, and to bear same interest as the amount due in said mortgage. It was further stipulated there should be entered in such decree all and every sum or sums of money that have been already paid, or may hereafter be paid by complainant on account of the said Jackson Water Company on account of taxes; such sums of money to bear interest from the date of the several payments thereof, at the same rate as the money due on said mortgage; and the said master was authorized to enter up the same in his said report and the final decree in this suit. It was further stipulated and agreed, that upon the filing of the stipulation, the bill of complaint should be taken pro confesso, and final decree in this suit should be entered in accordance with the prayer of the bill and this stipulation. And, lastly, it was agreed that defendants have six months, from the date of the final decree and sale, to redeem the mortgaged premises. A literal compliance with the provisions of this stipulation took place. On the 24th April, 1856, the bill was dismissed as to all the defendants save the present defendant, the Jackson Water Company. Against them the bill was taken pro con-

fesso, and an order taken referring the whole matter to a master in equity. On his report, a final decree was entered in the clerk's office; also an order confirming the report of the master, and ordering a sale of the property. The decree was enrolled, and on the 7th July, 1856, by virtue of said decree and order, the mortgaged property was sold and purchased by complainant for the sum of one hundred and ninety-six thousand dollars. Lastly, at a term of this court, upon the presentation of the stipulation, orders, and decree, an order was entered confirming the sale of the mortgaged premises. Every provision of the stipulation was complied with by the complainant. In March, 1856, the defendant, by his solicitor, moved to set aside the orders and decree made subsequent to 3d March, 1856, on the ground that they were all taken in vacation (with the exception of the decree of 2d September, 1857, confirming the sale), in the clerk's office, although purporting to bear date in term-time; which motion was denied, and which motion is renewed at present term. ·

Parsons & Ganahl, for complainant.
H. P. Irving and T. Wise, for defendants.

McALLISTER, Circuit Judge. This is a motion to set aside a decree made by consent of parties in this court, on the ground that the orders which preceded it and the decree itself, were taken in vacation, although bearing date in term-time. It is true that there was no judicial action by the court in relation to such orders, save the signature of the judge to the final decree, and the order confirming the sale. After the return of the judge from a temporary absence from the city, upon a presentation of the documents on file in the case, the said decree, dated as of the preceding term, was signed by him, and an order confirming the sale. To ascertain the condition of the case at that time, it is necessary to fix a construction upon the written stipulation. It provides, that upon its being filed certain proceedings should take place. In strict conformity to this agreement, the complainant acted, he took the bill pro confesso, and pursued all the other steps prescribed. But what is more important than the conduct of complainant, is that of the defendants. On this motion the following facts are established by affidavits, and stand uncontroverted. That complainant, after promptly taking all the steps prescribed by the stipulation, relying on said stipulation, orders, and decree, paid to defendant, who received the same, the balance of the sum stipulated to be paid in agreement, and entered by virtue thereof into and forming a part of the decree, the sum of $117,509 34 over and above the amount mentioned in mortgage. That said sum was paid immediately after the entry of said decree, and same was accepted by the defendant with full knowledge that said decree had been

entered, and that the money so received by defendant was paid by complainant relying upon the said decree. That no portion of the moneys paid has been refunded. That defendant has become insolvent. That, although the time has expired within which by the terms of the stipulation, the defendant has a right to redeem, the complainant is willing to convey to defendant all the property he (the complainant) holds under the master's deed, on being reimbursed for the moneys advanced by him, on the faith of the stipulation and decree. Now, if it be assumed, that all the proceedings in this case were irregular and voidable, the utmost this court could do on a bill filed to set them aside, would be just what the complainant proffers to do. But defendant asks this court, on a motion summarily to set aside the decree, and sale of the property, and leave it together with the purchase-money paid to the defendant in the possession of the latter. The court would be lending itself to the propagation of a gross fraud, did it do so.

Another fact is developed on this motion, which is uncontroverted. It appears, that one James Creighton, on 12 Sept., 1856, subsequent to the proceedings and sale in this case, obtained a judgment against the defendant for the sum of $39,000 in the district court for the fifth judicial district of this state. That the claim on which said judgment was recovered, was a claim assigned to said Creighton by one John C. Harn, who was father-in-law of said Creighton, and the president and one of the trustees of the said Jackson Water Company, and who, as such, signed the said stipulation upon which the said decree was entered. That a suit was commenced in said court in August, 1856, which was discontinued. That a second suit was commenced on the same demand, and summons served upon the said John C. Harn, president of said company, and no answer having been filed, judgment by default was taken. Various charges of fraud are made, growing out of this transaction, with which on the present motion this court has nothing to do; it can only look to the facts as alleged in the bill and set forth in the affidavits.

In view of these facts the inquiry is, whether this court has the power to set aside the decree of this court on summary motion; and if it has the power, is this a case which calls for its exercise? Now, there is no positive or actual fraud suggested in this case. There is nothing to indicate anything further than can be inferred of a constructive fraud derived from the fact that the proceeding did not receive judicial sanction. It is not pretended that the terms of the written stipulation were not in good faith carried out by the complainant. It is not denied that he paid all the money he was legally bound to do; that said payments were made by him relying on the stipulation and the decree; that defendant received the

moneys with full knowledge of the transaction, and the reliance placed upon it by the complainant. In view of all these facts, it is insisted that this court upon this motion should set aside the decree, or so amend it as to render it inoperative for all the purposes for which it was agreed on by the parties to be rendered. The practical result of which is to leave the property, and the money which complainant has paid for it, in the hands of defendant. Such is not the mode in which a court of equity administers justice. Equity always sets aside a deed upon other grounds than positive fraud on the part of the holder of it upon terms, and requires a return of the purchase-money, or that the conveyance shall stand as security for its payment. This constitutes the essential difference between relief in equity and that afforded in a court of common law. The latter can hold no middle course. The entire claim of each party must be determined at law on the single point of the validity of the instrument; but it is the ordinary case in the former court that a deed or decree, not absolutely void, yet under the circumstances inequitable as between the parties, may be set aside on terms. Coiron v. Millaudon, 19 How. [60 U. S.] 113. In this case, so far as the facts appear on this motion, the court can see nothing but irregularity. If on that ground it shall be deemed good cause for setting aside the proceedings, it must be done on terms just to both parties. This can only be done on a bill filed bringing the whole case upon its merits before the court, when equal justice may be done between the parties.

The motion must be denied.